# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRAD JOHNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00761-MTS |
| ) | |
| MICHAEL WHITAKER, *Administrator* ) | |
| *of the Federal Aviation Administration*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the parties' competing briefs on the proper scope of this Court's review of the Administrator of the Federal Aviation Administration's revocation of Plaintiff's airman and medical certificates. The Court has reviewed the parties' thorough briefs in their entirety, examined the text of the Pilot's Bill of Rights,* and has performed its own research and review of the relevant law. The Court concludes that the "full independent review" that Congress mandated district courts complete in an appeal under the Pilot's Bill of Rights supersedes the typical deferential review of an agency's decision under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*

In the APA, Congress provided that a subsequent statute may not be held to supersede or modify its relevant provisions "except to the extent that it does so expressly." *See* 5 U.S.C. § 559. "By adopting § 559, Congress made it clear that the

---

* *See* Pilot's Bill of Rights, Pub. L. No. 112-153, 126 Stat. 1159 (2012) (codified as amended in scattered sections and note sections of 49 U.S.C.).

APA would apply unless there was some expression by Congress that the APA was being superseded." *Lane v. U.S. Dep't of Agric.*, 120 F.3d 106, 109 (8th Cir. 1997). Thus, the question here is whether the Pilot's Bill of Rights contains an expression that the APA was being superseded. The Court holds that it does.

The Pilot's Bill of Rights provides that in "an appeal" in a United States district court, the district court "shall give full independent review" of the Administrator's action. On its own, that language is not necessarily inconsistent with the typical review under the APA. *See, e.g.*, *B. J. McAdams, Inc. v. I. C. C.*, 551 F.2d 1112, 1114, 1117 (8th Cir. 1977) (noting "the administrative record" had "received full and independent review" before concluding the "Commission's findings [were] supported by substantial evidence"); *Truth in Labeling Campaign v. Shalala*, 999 F. Supp. 1289, 1298 (E.D. Mo. 1998) (stating the APA's "deferential standard of review requires an independent review of the same administrative record that was before the agency").

But that "full independent review" language could just as easily mean a de novo review. *See, e.g.*, *Medline Indus. v. United States*, 62 F.3d 1407, 1409 (Fed. Cir. 1995) (explaining that "questions of law are subject to full and independent review," which is "sometimes referred to as '*de novo*' or 'plenary' review"); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) (explaining that on de novo review, the court's review is "independent"); *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000) (concluding that since "the district court's decision was based on an independent review of the record," the district court "made the required de novo review"); *Ermovick v. Mitchell Silberberg & Knupp LLP Long Term Disability For All Emps.*, 472 F. App'x

459, 460 (9th Cir. 2012) (per curiam) (noting the district court's "*de novo* review" afforded plaintiff a "full, fair, and independent review"); *United States v. Renzi*, 692 F. Supp. 2d 1136, 1138 (D. Ariz. 2010) (adopting magistrate judge's report and recommendation after "a full and independent review of the record").

All in all, there is doubt about the meaning of a "full independent review" as used in the Pilot's Bill of Rights. *See Dustman v. Huerta*, 1:13-cv-03565-EEB, 2013 WL 5747079, at *5 (N.D. Ill. Oct. 23, 2013) (calling the language within the Pilot's Bill of Rights "not a model of clarity" but recognizing "the phrase 'full, independent review' can plausibly be interpreted, on its face, to require something more than the deferential review the APA mandates"). Because of this doubt, if the "full independent review" language were all the Court had to go on here, this Court might well have agreed with the other district courts that have concluded that the Pilot's Bill of Rights does not contain a sufficient expression superseding the APA. *See, e.g.*, *id.* at *6; *Creighton v. Dep't of Transp.*, 6:13-cv-0907-ORL, 2014 WL 1364495, at *3 (M.D. Fla. Feb. 28, 2014). But neither *Dustman* nor *Creighton* considered this language in the context of the section heading that contains the mandate for a full independent review or in the context of the title of the law itself.

Section headings, along with statutory titles, "are tools available for the resolution of a doubt about the meaning of a statute." *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (quoting *Porter v. Nussle*, 534 U.S. 516, 528, (2002)); *accord United States v. Zam Lian Mung*, 989 F.3d 639, 644 (8th Cir. 2021) (explaining "titles and headings of a statute may be used as tools to resolve doubt

- 3 -

regarding a statute's meaning"). Here, Congress could not have spoken with more directness or clarity in the section heading at issue: "Federal Aviation Administration Enforcement Proceedings and *Elimination of Deference*." *See* 49 U.S.C. § 44703 note (emphasis added).

The elimination of deference in a district court's review of an administrative agency's decision is irreconcilable with review under the APA. By its very nature, the APA's standard "is deferential; it requires that agency action simply be reasonable and reasonably explained." *Cmtys. for a Better Env't v. E.P.A.*, 748 F.3d 333, 335 (D.C. Cir. 2014) (Kavanaugh, J., for the Court) (internal quotations omitted); *accord Mercier v. United States Dep't of Lab., Admin. Rev. Bd.*, 850 F.3d 382, 387 (8th Cir. 2017) (referring to the APA's "deferential standard"). When Congress mandated that, in "an appeal," district courts make a "full independent review" of the Administrator's action, it clarified any doubt about the meaning of that standard of review by entitling the section, in relevant part, "elimination of deference." *Cf. Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) (repeatedly referring to de novo review as an "independent" review and explaining that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable").

If the clear and direct section heading "elimination of deference" somehow were not enough, consider the short title of the law itself—the Pilot's Bill of Rights. *See Piccadilly Cafeterias*, 554 U.S. at 47; *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 35, at 221 (2012) (explaining that titles are "permissible indicators of meaning"). Such a title evokes thoughts of strong

safeguards. "Bills of rights give assurance to the individual of the preservation of his liberty," Benjamin N. Cardozo, *The Paradoxes of Legal Science* 97 (1928), and place "limitations upon authority vested by governments in officials," *Park v. United States*, 294 F. 776, 790 (1st Cir. 1924) (Anderson, J., dissenting). But bills of rights can limit government officials only where there is diffusion of power. *See* Antonin Scalia, *Foreword: The Importance of Structure in Constitutional Interpretation*, 83 N.D. L. Rev. 1417, 1418 (2008) (explaining bills of rights become mere "'parchment guarantees'" if there is a "centralization of power" (quoting *The Federalist No. 51*, at 323 (James Madison) (Clinton Rossiter ed., 1961))); *see also Morrison v. Olson*, 487 U.S. 654, 697 (1988) (Scalia, J., dissenting) ("Without a secure structure of separated powers, our Bill of Rights would be worthless, as are the bills of rights of many nations of the world that have adopted, or even improved upon, the mere words of ours."). When considering that Congress's mandate for "full independent review" of the Administrator's action comes within what Congress called a "Bill of Rights," it further elucidates that a district court's "full independent review" does not defer to the Administrator on his own decision.

\*   \*   \*

Congress was not required "to employ magical passwords in order to effectuate an exemption from the Administrative Procedure Act." *Marcello v. Bonds*, 349 U.S. 302, 310 (1955). It simply needed to do so expressly. *See* 5 U.S.C. § 559. Here, Congress provided that federal district courts, in an "appeal," must "give full independent review" of the Administrator's action. Pub. L. No. 112-153. Congress did so within a section entitled, in part, "elimination of deference," and in an act it called the Pilot's Bill of

Rights. *Id.* With these words, "it plainly expresse[d] a congressional intent to depart from normal APA procedures." *See Asiana Airlines v. Fed. Aviation Admin.*, 134 F.3d 393, 398 (D.C. Cir. 1998); *cf. Salve Regina Coll.*, 499 U.S. at 238 (recognizing "the difference between a rule of deference and the duty to exercise independent review"). Therefore, the Court concludes that Plaintiff is entitled to a de novo review of the Administrator's revocation of Plaintiff's airman and medical certificates. This action will proceed accordingly.

Dated this 30th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE